**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, ALEXION PHARMA INTERNATIONAL OPERATIONS LIMITED, ARRAY BIOPHARMA, INC., KUDOS PHARMACEUTICALS LIMITED, AND MSD INTERNATIONAL BUSINESS GMBH<br><br>Plaintiffs,<br>v.<br><br>HETERO USA INC.,<br><br>Defendant. | C.A. No. _______ |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs AstraZeneca Pharmaceuticals LP ("AstraZeneca"), Alexion Pharma International Operations Limited ("Alexion"), Array BioPharma Inc. ("Array"), KuDOS Pharmaceuticals Limited, and MSD International Business GMBH (collectively, "Plaintiffs") bring this action for patent infringement against Hetero USA Inc. ("Hetero" or "Defendant").

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and in particular under 35 U.S.C. § 271. This action relates to Abbreviated New Drug Application ("ANDA") No. 221857, filed by and for the benefit of Hetero with the United States Food and Drug Administration ("FDA"). Through ANDA No. 221857, Hetero seeks approval to market generic versions of KOSELUGO® (selumetinib) 10 mg and 25 mg capsules (the "Proposed ANDA Product"), prior to the expiration of U.S. Patent Nos. 11,813,246 (the "'246 Patent"), 12,220,403 (the "'403 Patent"), 12,318,367 (the "'367 Patent"), 12,364,684 (the "'684 Patent") (collectively, "the Patents-in-Suit").

## THE PARTIES

2. Plaintiff AstraZeneca Pharmaceuticals LP is a limited partnership organized and existing under the laws of Delaware, having a principal place of business at 1800 Concord Pike, Wilmington, Delaware 19803. AstraZeneca is the holder of New Drug Application No. 213756 for the manufacture and sale of KOSELUGO® (selumetinib) capsules.

3. Plaintiff Alexion Pharma International Operations Limited is a corporation organized and existing under the laws of Ireland, having a principal place of business at College Business & Technology Park, Blanchardstown Road North, Dublin, Ireland. Alexion is an assignee of the Patents-in-Suit.

4. Plaintiff Array Biopharma Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 2100 Walnut Street, Boulder, CO 80301. Array is an assignee of the Patents-in-Suit.

5. Plaintiff KuDOS Pharmaceuticals Limited is a private company limited by shares organized and existing under the laws of England and Wales, whose registered office is at 1 Francis Crick Avenue, Cambridge Biomedical Campus, Cambridge CB2 0AA, United Kingdom.

6. Plaintiff MSD International Business GmbH is a company with limited liability organized and existing under the laws of Switzerland, whose registered office is at Bürgenstrasse 8, 6005 Lucerne, Switzerland.

7. On information and belief, Defendant Hetero USA Inc. is a corporation organized and existing under the laws of the State of Delaware having a place of business located at 1035 Centennial Ave., Piscataway, NJ 08854.

8. On information and belief, Defendant acted to develop the Proposed ANDA Product that is the subject of ANDA No. 221857 and to seek regulatory approval from the FDA to

market and sell the Proposed ANDA Product throughout the United States, including within this District.

9. Defendant's ANDA No. 221857 seeks approval to commercially manufacture, use, offer for sale, sell, and/or import a generic version of Plaintiffs' KOSELUGO® (selumetinib) capsules prior to the expiration of the Patents-in-Suit.

10. On information and belief, Defendant intends to obtain approval for Defendant's ANDA No. 221857, and, in the event the FDA approves that ANDA, to commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product.

## JURISDICTION AND VENUE

11. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, arising out of the submission of Defendant's ANDA No. 221857 to the FDA.

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 35 U.S.C. § 1 et seq.

13. This Court has personal jurisdiction over Hetero because Hetero is a Delaware corporation. Furthermore, this Court has personal jurisdiction over Hetero because, *inter alia*, it has maintained continuous and systematic contacts with this District and availed itself of the privilege of doing business in this District. On information and belief, Hetero has acted: (1) to file ANDA No. 221857 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product in the United States, including in this District; (2) regularly and continuously transacted business within this District, including by selling pharmaceutical products in this District either on its own or through its affiliates; and (3) derived substantial revenue from the sale of those products in this District.

14. On information and belief, if ANDA No. 221857 is approved, the Proposed ANDA Product charged with infringing the Patents-in-Suit will be marketed, distributed, offered for sale, and/or sold in this District, prescribed by physicians practicing in this District, dispensed by pharmacies located within this District, and/or used by patients in this District, all of which would have a substantial effect on this District.

15. This Court also has personal jurisdiction over Hetero because it has affirmatively availed itself of the jurisdiction of this Court through the assertion of claims in suits brought in this District and/or by being sued in this District without challenging personal jurisdiction. *See, e.g.*, *Hetero USA, Inc. et al v. Merck Sharp and Dohme LLC et al.*, No. 26-700 (D. Del.); *Onyx Therapeutics, Inc. v. Hetero USA Inc. et al.*, No.26-324 (D. Del.).

16. For the reasons set forth above, and for additional reasons which will be supplied if Defendant challenges personal jurisdiction in this action, Defendant is subject to personal jurisdiction in this District.

17. Venue is proper in this District for Hetero pursuant to 28 U.S.C. § 1400(b) because, *inter alia*, Hetero is a corporation organized and existing under the laws of Delaware.

## THE PATENTS-IN-SUIT

18. The Patents-in-Suit are assigned to Alexion and Array. Plaintiffs collectively possess all exclusive rights and interests in the Patents-in-Suit.

19. The ’246 Patent, entitled “Pharmaceutical Composition,” was duly and legally issued on November 14, 2023. A copy of the ’246 Patent is attached as Exhibit A.

20. The ’246 Patent was listed in the Orange Book (Approved Drug Products with Therapeutic Equivalence Evaluations) for NDA No. 213756 on December 7, 2023.

21. The ’403 Patent, entitled “Pharmaceutical Composition,” was duly and legally issued on February 11, 2025. A copy of the ’403 Patent is attached as Exhibit B.

22. The ’403 Patent was listed in the Orange Book (Approved Drug Products with Therapeutic Equivalence Evaluations) for NDA No. 213756 on February 14, 2025.

23. The ’367 Patent, entitled “Pharmaceutical Composition,” was duly and legally issued on June 3, 2025. A copy of the ’367 Patent is attached as Exhibit C.

24. The ’367 Patent was listed in the Orange Book (Approved Drug Products with Therapeutic Equivalence Evaluations) for NDA No. 213756 on July 1, 2025.

25. The ’684 Patent, entitled “Pharmaceutical Composition,” was duly and legally issued on July 22, 2025. A copy of the ’684 Patent is attached as Exhibit D.

26. The ’684 Patent was listed in the Orange Book (Approved Drug Products with Therapeutic Equivalence Evaluations) for NDA No. 213756 on August 19, 2025.

## FACTUAL BACKGROUND

### KOSELUGO® (selumetinib)

27. KOSELUGO® (selumetinib) is a drug used to treat neurofibromatosis type 1 (NF1) in patients who have symptomatic, inoperable plexiform neurofibromas (PN). NF1 is a rare genetic disorder and PN, also known as plexiforms, are one type of tumor seen in NF1. KOSELUGO® (selumetinib) can help slow tumor growth and decrease tumor size.

28. AstraZeneca is the holder of approved New Drug Application (“NDA”) No. 213756 for KOSELUGO® (selumetinib) capsules available in 10 mg and 25 mg capsules.

29. KOSELUGO® (selumetinib) capsules, the active pharmaceutical ingredient selumetinib, the method of manufacture, and/or their use are covered by one or more claims of the Patents-in-Suit. The Patents-in-Suit have been listed for NDA No. 213756 in the FDA publication

*Approved Drug Products with Therapeutic Equivalence Evaluations*, which is also known as the "Orange Book."

**Defendant's ANDA No. 221857**

30. In a letter dated September 25, 2026 (the "Notice Letter"), Defendant stated that it had submitted ANDA No. 221857 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product prior to the expiration of the Patents-in-Suit. The Notice Letter further stated that ANDA No. 221857 contained a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (a "Paragraph IV Certification") that the Patents-in-Suit are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, offer for sale, sale, and/or importation of the Proposed ANDA Product.

31. Defendant's Notice Letter included an Offer of Confidential Access. On October 28, 2026, Plaintiffs proposed revisions to Defendant's Offer of Confidential Access to enable Plaintiffs to meaningfully evaluate the bases for Defendant's assertion of non-infringement of the claims of the Patents-in-Suit. Defendant responded on October 29, but declined, among other things, to provide meaningful access to the full ANDA to assess infringement. Plaintiffs explained the basis for their proposed revisions, but Defendant again declined on November 4 to provide such access. The parties thereafter reached an impasse.

32. To date, Plaintiffs have not received materials from Defendant to enable Plaintiffs to meaningfully evaluate the bases for Defendant's assertion of non-infringement of the claims of the Patents-in-Suit.

33. In the absence of the ability to meaningfully evaluate information related to Defendant's ANDA No. 221857, Plaintiffs resort to the judicial process and the aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm its belief

and to present to the Court evidence that Defendant infringes one or more claims of the Patents-in-Suit. *See Hoffman-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359 (Fed. Cir. 2000).

34. Defendant was aware of the Patents-in-Suit when it submitted ANDA No. 221857 with a Paragraph IV Certification.

35. On information and belief, the Proposed ANDA Product uses a formulation that is covered by one or more claims of the Patents-in-Suit.

36. On information and belief, ANDA No. 221857 refers to and relies upon the NDA for KOSELUGO® (selumetinib) and contains data that, according to Defendant, demonstrate the bioequivalence of the Proposed ANDA Product and 10 mg and 25 mg KOSELUGO® (selumetinib) capsules. *See* 21 U.S.C. § 355(j)(2); 21 C.F.R. § 314.94(a)(7).

37. On information and belief, Defendant intends to have healthcare providers use its Proposed ANDA Product, if approved, as set forth in its Proposed ANDA Product label. On information and belief, Defendant's Proposed ANDA Product label will instruct healthcare providers to prescribe its Proposed ANDA Product in the manner set forth in the label.

38. On information and belief, the FDA has not yet approved ANDA No. 221857.

39. Plaintiffs commenced this action within 45 days of receipt of the Notice Letter.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 11,813,246**

40. Plaintiffs hereby reallege and incorporate the allegations of paragraphs 1 – 39 of this Complaint.

41. On information and belief, the Proposed ANDA Product infringes one or more claims of the Patents-in-Suit, either literally or under the doctrine of equivalents, by the Proposed ANDA Product's use of formulation as covered by one or more of the claims of the Patents-in-Suit.

42. Defendant's submission of ANDA No. 221857 to the FDA under 21 U.S.C. § 355(j) for the purpose of obtaining approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product before the expiration of the Patents-in-Suit constitutes infringement of one or more claims of the Patents-in-Suit under 35 U.S.C. § 271(e)(2).

43. On information and belief, Defendant plans to, intends to, and will commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product immediately upon approval of ANDA No. 221857 and will instruct healthcare providers to use the Proposed ANDA Product in accordance with the proposed product labeling.

44. On information and belief, upon FDA approval of ANDA No. 221857, Defendant will infringe one or more claims of the Patents-in-Suit by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

45. On information and belief, Defendant had knowledge of the Patents-in-Suit when it submitted ANDA No. 221857 to the FDA, Defendant knew or should have known that it will induce or contribute to another's direct infringement of the Patents-in-Suit, and Defendant acted with the specific intent to induce or contribute to another's direct infringement of the Patents-in-Suit.

46. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 12,220,403

47. Plaintiffs hereby reallege and incorporate the allegations of paragraphs 1 – 46 of this Complaint.

48. On information and belief, the Proposed ANDA Product infringes one or more claims of the Patents-in-Suit, either literally or under the doctrine of equivalents, by the Proposed ANDA Product's use of formulation as covered by one or more of the claims of the Patents-in-Suit.

49. Defendant's submission of ANDA No. 221857 to the FDA under 21 U.S.C. § 355(j) for the purpose of obtaining approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product before the expiration of the Patents-in-Suit constitutes infringement of one or more claims of the Patents-in-Suit under 35 U.S.C. § 271(e)(2).

50. On information and belief, Defendant plans to, intends to, and will commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product immediately upon approval of ANDA No. 221857 and will instruct healthcare providers to use the Proposed ANDA Product in accordance with the proposed product labeling.

51. On information and belief, upon FDA approval of ANDA No. 221857, Defendant will infringe one or more claims of the Patents-in-Suit by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

52. On information and belief, Defendant had knowledge of the Patents-in-Suit when it submitted ANDA No. 221857 to the FDA, Defendant knew or should have known that it will induce or contribute to another's direct infringement of the Patents-in-Suit, and Defendant acted with the specific intent to induce or contribute to another's direct infringement of the Patents-in-Suit.

53. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 12,318,367**

54. Plaintiffs hereby reallege and incorporate the allegations of paragraphs 1 – 53 of this Complaint.

55. On information and belief, the Proposed ANDA Product infringes one or more claims of the Patents-in-Suit, either literally or under the doctrine of equivalents, by the Proposed ANDA Product's use of formulation as covered by one or more of the claims of the Patents-in-Suit.

56. Defendant's submission of ANDA No. 221857 to the FDA under 21 U.S.C. § 355(j) for the purpose of obtaining approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product before the expiration of the Patents-in-Suit constitutes infringement of one or more claims of the Patents-in-Suit under 35 U.S.C. § 271(e)(2).

57. On information and belief, Defendant plans to, intends to, and will commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product immediately upon approval of ANDA No. 221857 and will instruct healthcare providers to use the Proposed ANDA Product in accordance with the proposed product labeling.

58. On information and belief, upon FDA approval of ANDA No. 221857, Defendant will infringe one or more claims of the Patents-in-Suit by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

59. On information and belief, Defendant had knowledge of the Patents-in-Suit when it submitted ANDA No. 221857 to the FDA, Defendant knew or should have known that it will induce or contribute to another's direct infringement of the Patents-in-Suit, and Defendant acted with the specific intent to induce or contribute to another's direct infringement of the Patents-in-Suit.

60. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 12,364,684

61. Plaintiffs hereby reallege and incorporate the allegations of paragraphs 1 – 60 of this Complaint.

62. On information and belief, the Proposed ANDA Product infringes one or more claims of the Patents-in-Suit, either literally or under the doctrine of equivalents, by the Proposed ANDA Product's use of formulation as covered by one or more of the claims of the Patents-in-Suit.

63. Defendant's submission of ANDA No. 221857 to the FDA under 21 U.S.C. § 355(j) for the purpose of obtaining approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product before the expiration of the Patents-in-Suit constitutes infringement of one or more claims of the Patents-in-Suit under 35 U.S.C. § 271(e)(2).

64. On information and belief, Defendant plans to, intends to, and will commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product immediately upon approval of ANDA No. 221857 and will instruct healthcare providers to use the Proposed ANDA Product in accordance with the proposed product labeling.

65. On information and belief, upon FDA approval of ANDA No. 221857, Defendant will infringe one or more claims of the Patents-in-Suit by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

66. On information and belief, Defendant had knowledge of the Patents-in-Suit when it submitted ANDA No. 221857 to the FDA, Defendant knew or should have known that it will induce or contribute to another's direct infringement of the Patents-in-Suit, and Defendant acted with the specific intent to induce or contribute to another's direct infringement of the Patents-in-Suit.

67. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

a) Judgment that Defendant's submission of ANDA No. 221857 to the FDA was an act of infringement of one or more claims of the Patents-in-Suit under 35 U.S.C. § 271(e)(2);

b) Judgment that Defendant's making, using, offering to sell, selling, or importing into the United States of the Proposed ANDA Product prior to the expiration of the Patents-in-Suit, will infringe, will actively induce infringement, and/or will contribute to the infringement of one or more claims of that Patent;

c) An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of ANDA No. 221857 shall be a date that is not earlier than the expiration of the Patents-in-Suit plus any other exclusivity to which Plaintiffs are or become entitled;

d) An Order permanently enjoining Defendant, Defendant's affiliates and subsidiaries, each of its officers, agents, servants and employees, and any person acting in concert with Defendant, from making, using, offering to sell, selling, or importing into the United States the Proposed ANDA Product until after the expiration of the Patents-in-Suit plus any other exclusivity to which Plaintiffs are or become entitled;

e) A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285 and an award of reasonable attorneys' fees, expenses, and disbursements of this action;

f) An award of Plaintiffs' reasonable costs and expenses in this action; and

g) Such further and other relief as this Court deems proper and just.

DATED: November 6, 2026

MCCARTER & ENGLISH, LLP

*<u>/s/ Daniel M. Silver</u>*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Lisa B. Pensabene
Hassen Sayeed
Gyuhyun (Joanne) Bae
Jon T. Clark
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
(212) 326-2000

Lindsay H. Autz
AUTZ IP LLC
115 Lampwick Lane
Fairfield, CT 06824
(203)-526-1307